# EXHIBIT 17

FILED
DATE: July 1, 2026
TIME: 12:57:54 PM
MECKLENBURG COUNTY
CLERK OF SUPERIOR COURT
BY: B. Farris

State of North Carolina: In the General Court of Justice
Mecklenburg County: Superior Court Division

Original-File Date: April 28, 2026
Case Number: 26CV023502-590

## — Demand for Civil Trial by Jury —

Charles Everette Hinton also called Charles E. Hinton the third-party beneficiary and real private party in interest for whose benefit the affirmative relief and claims are brought, Original-Plaintiff-Claimant,

against

City of Charlotte-County of Mecklenburg a municipal; Rodney Monroe, individual capacity; Rebecca C. Evans, individual capacity; Estella D. Patterson, official capacity, Original-Defendants-Respondents.

As a Matter of Course - N.C.R.C.P. 15 (a) , Amended Complaint and Jury Trial Demand (Action Brought Pursuant to 42 U.S.C.A. Section 1983 and North Carolina Common-Law)

page one of 28

Now comes the Original-Plaintiff Charles E. Hinton in my own behalf and on behalf of the Plaintiff Charles Everette Hinton, complaining and presenting affirmative claims for relief and original-complaints against the original-defendants named above, and respectfully shows unto this Court and judicial-officer the following:

## Introductory Statement and Claims

1. This is a civil-rights action brought pursuant to title 42 U.S.C.A. Section 1983, for violations of Amendments First, Fourth, Fifth, Eighth, Thirteen, and Fourteen to the United States Constitution, and North Carolina Constitution Article I Declaration of Rights and common-law.

2. Plaintiff as undersigned seeks redressive damages for harms and injuries inflicted

page two of 20

by Defendants individually, personally, jointly, and or collectively, including malicious prosecution, false imprisonment, unlawful seizure of Plaintiff's private person and property, resulting from an arrest executed under an unconstitutional state statute (N.C. Gen. Stat. Annt. 14-208.18(a)(2). Sex offender unlawfully on premises.), which criminal proceeding, conviction, sentence, and punishment has since resulted in a favorable termination on friday, January 30, 2026, by the Honorable William R. Bell, Emergency Superior Court Judge for Mecklenburg County, Charlotte, North Carolina.

## Jurisdiction and Venue

3. This Court has concurrent jurisdiction over Plaintiff's federal constitutional claims pursuant to title 42 United

Page three of 20

States Code Annotated Section 1983, and the original-jurisdiction over the Plaintiff's North Carolina common-law claims.

4. Venue is proper in Mecklenburg County pursuant North Carolina General Statutes 1-76 and 1-77(2), as the unlawful acts, arrest, seizures, detention, and subsequent prosecution of the Plaintiff all occurred within Mecklenburg County and this judicial-district.

## The Parties

5. Plaintiff Charles E. Hinton also called Charles Everette Hinton is at all times mentioned a private-citizen and resident of Charlotte, Mecklenburg County, North Carolina, United States of America.

6. Defendant City of Charlotte is a municipal corporation organized under and chartered by North Carolina Constitution inter alia, the laws of North Carolina, which operates and controls the Defendants Monroe, Evans, and Patterson, past and current.

7. Defendants Monroe, and Evans, at times relevant were law enforcement officers employed by the Charlotte-Mecklenburg Police Department, bound by their public oaths or affirmations, or both, to the Federal and North Carolina Constitutions and public laws. They are being sued in their individual capacities for actions taken under color of State law, process, and authority, during their tenure.

8. Defendant Patterson is the current Chief of Police for the Charlotte-Mecklenburg Police Department ("CMPD"). At all times relevant, Defendant Patterson is the current office holder for the purpose of the Defendant City of Charlotte's financial liability. Defendant Patterson is being sued in her official capacity for actions taken under color of state law

9. Defendant Monroe was, at times relevant to the underlying unlawful seizures, arrests, and malicious prosecution, the Chief of Police for the CMPD. He was responsible for the directions, training, supervision, and polices of Defendant Evans and all law enforce-

ment officers employed by CMPD during his tenure. By his negligence to properly train and supervise Defendant Evans, Defendant Monroe is being sued in his individual capacity for actions taken under color of State law.

10. Defendant Evans is currently as Assistant District Attorney for Mecklenburg County, State of North Carolina. However, at all times relevant to the underlying unlawful conduct and injuries alleged, Defendant Evans was employeed as a law enforcement officer for the CMPD.

11. Defendant Evans is sued solely in her individual capacity for investigative enforcement acts taken under the

Case 3:26-cv-00660    Document 1-27    Filed 08/11/26    Page 8 of 21

color of state law while operating as a police officer, specifically including her active role in seeking, swearing out, and executing the unconstitutional, invalid commercial bond-statutory warrant against Plaintiff's person and property in violation of Amendments Four, Five, and Fourteen.

12. Because the tortious and unconstitutional conduct of Defendant Evans occurred entirely within her role as a law enforcement investigator under color of state law and prior to any judicial prosecutorial phase, she is not entitled to absolute prosecutorial immunity for former acts.

13. Plaintiff realleges, assert, and in-

corporates by reference all preceding claims, allegations, and assertions, in the previous paragraphs as if fully set forth herein.

14. Under the common-law doctrine of res ipsa loquitur, Plaintiff's false imprisonment, conviction, sentence, and punishment under N.C. Gen. Stat 14-208.18(a)(2) in pari materia N.C. Gen. Stat. 14-7.1 was the direct result of Defendant Evans careless and wanton acts under color of State law; Defendant Evans had exclusive control over her actions which was contrary to her constitutional duty which she knew and should have known at all times; by no means or actions did Plaintiff contribute to the harms, injuries, false imprisonment, conviction,

Case 3:26-cv-00660-... Document 1-17    Filed 08/11/26    Page 10 of 21

sentence, and punishment, thus being the causation for damages.

15. Because an unconstitutional statute cannot provide the requisite probable cause for a seizure, arrest, prosecution, conviction, sentence, and or punishment, Defendant Evans actions violated Plaintiff's clearly established privileges, immunities, substantial and substantive rights, secured and protected under the Constitution of the United States Article IV Section 2; the Bill of Rights Amendments I, IV, V, VIII, IX, and X; and the Civil Rights Amendments XIII and XIV.

16. As a direct and proximate result and cause of Defendant Evans unconstitutional conduct and deliberate

acts, Plaintiff suffered a severe and actual deprivation freedom and liberty, emotional and mental distress, damage to reputation, personal discrimination and prejudice, and humiliation.

17. Defendants Monroe and Patterson during their employments as Chief of Police failed to properly train Defendant Evans and othe Police Officers in preventing the enforcement for seizures and arrest under the unconstitutional N.C. Gen. Stat. 14-208.18 (a)(2).

18. The North Carolina Supreme Court established that a statute declared unconstitutional is generally void ab initio and treated as having no legal effect, and is treated in legal contemplation as though it had never been passed. See American

Mfrs. Mut. Ins. Co. v. Ingram, 301 N.C. 138, 271 S.E. 2d 46 (1980); see also Board of Managers v. Wilmington, 237 N.C. 179, 74 S.E. 2d 749 (1953).

19. On said January 30, 2026, the unconstitutional statute G.S. 14-208.18(a)(2) under docket file 11-CRS-216164 in pari materia docket file 11-CRS-021992 was favorably terminated thereby invalidating the charges, indictments, conviction, sentence, and punishment. Such facts are recorded in the public records of the Mecklenburg County Courthouse, City of Charlotte, State of North Carolina, and held and maintained by the Clerk of the superior court elected and appointed thereto.

20. No outstanding criminal judgment or pending charges remained following the

page twelve of 20

judicial-order vacating and invalidating said N.C. Gen. Stat. 14-208.18(a)(2) and 14-7.1. conviction, sentence, and punishment.

21. Under binding United States Court of Appeals Fourth Circuit precedent, the Heck v. Humphrey bar is entirely inapplicable once an underlying conviction has been invalidated or vacated by a state tribunal. See Griffin v. Baltimore Police Dep't, 804 F. 3d 692, 695 (4th Cir. 2015).

22. Judge William R. Bell, who signed the order possessed the legal jurisdiction and authority to undo the said criminal statutory conviction, sentence, and punishment, thus acting on Plaintiff's post-conviction remedy and Motion for Appropriate Relief (MAR). See public records.

# <u>Prayer for Relief</u>

Wherefore, Plaintiff respectfully prays that the judicial-court official duly enter a judicial-decree and civil-judgment in Plaintiff's favor and interest and grant the following relief against the Defendants:

A. Individually and or jointly make written findings of facts, memorandum, and conclusions of law in connection with Plaintiff's privileges, immunities, and rights, before mentioned were violated by Defendants;

B. That Plaintiff received a favorable termination justifying award of damages and or settlement authorized under Heck v. Humphrey, 512 U.S. 477, 114 S.ct. 2364; Griffin v. Baltimore Police Department, 804 F.3d 692 (4th Cir. 2015); Roberts v. City of Fairbanks, 947 F.3d

1191 (9th Cir. 2020); with respects to my 1983 claim;

C. That the 1983 claim be joined and Amended as a First Amended Complaint filed as a Matter of Course Pursuant to N.C. Rules of Civil Pro. 15(a) joining Defendants Monroe and Patterson;

D. Honor Plaintiff's demand for a Civil Trial by Jury on all issues so triable in the 1983 claims and common-law claims in North Carolina;

E. That the judicial-court official duly award the Plaintiff compensatory, general, and special damages in an

Page Fifteen of 20

Case 3:26-cv-00660    Document 1-17    Filed 08/11/26    Page 16 of 21

amount incurred or to be incurred in excess of twenty-five thousand dollars ($25,000) but not to exceed fifteen million dollars ($15,000,000) in any such gold and silver coins or United States currency;

F. That the judicial-court official duly award the Plaintiff punitive damages in the 1-1 ratio to the compensatory damages set out in paragraph E.;

G. As relief in the alternative, that the judicial-court official duly order or direct the parties or their representatives to appear before the Court for a conference to consider matters for which the court is to

Page Sixteen of 20

be asked to take judicial-notices and such other issues, facts, and considerations as a matter of law and justice as may aid in the peaceful disposition and satisfaction for both parties in the actions 42 U.S.C.A. Section 1983 and the common-law claim under North Carolina law;

H. Determine whether Defendants counsel made an honest legal claim that, "the statute under which Plaintiff was convicted was good law at the time of the conviction," and that such does not conflict with State v. Williams, 146 N.C. 618 (1908); and Hoke Cnty. Bd. of Educ. v. State, No 425A21-3, 2026 WL

[WL No. ] (N.C. Apr. 2, 2026); and American Mfrs. Mut. Ins. Co. v. Ingram, supra; G.S. 1A-1, Rules 11(a)(c);

I. Determine whether Defendants Counsel made an honest legal claim that, "the statute under which Plaintiff was convicted was deemed unconstitutional in 2016, and the applicable statute of limitations therefore expired many years ago," and that such does not conflict and contradict N.C. Gen. Stat. 1-52(5) Three years; see also Jones v. Gwynne, 312 N.C. 393 (1984); Idem;

J. That the Court award Plaintiff reasonable attorney's fees pursuant to title 42 U.S.C.A. Section 1988;

page eighteen of 20

K. That the Court grant such other and further relief as deemed just, fair, equitable, and proper for the Plaintiff's relief and benefit.

## Demand for Civil Trial by Jury

Plaintiff hereby demands a civil-Trial by Jury on all issues so triable, in these civil-rights claims pursuant to 42 U.S.C.A. Section 1983 and the common-law claims under North Carolina law.

## Verified Claim

I verify that all the foregoings and followings are true under the punishment and penalty for perjury and false statement. 28 U.S.C.A. § 1746; 18 U.S.C.A. § 1621; N.C. Gen. Stat. 14-209; G.S. 1A-1, Rule 11(a). July 1, 2026.

by: _____

Charles E. Hinton a party and the representative for the Plaintiff Charles Everette Hinton

4405 Esmeralda Drive
Charlotte, NC 28269

## Certificate of Service

The undersigned hereby certifies that a true copy of the foregoing notice and notification on First Amended Complaint as a matter of Course and law; and As a Matter of Course, Amended Complaint and Jury Trial Demand brought pursuant to 42 U.S.C.A. § 1983 and North Carolina Common-Law was mailed to the Defendants Counsel: Taylor Imperiale, Asst. City Atty., Charlotte-Mecklenburg Government Center, 600 East 4th Street, Charlotte, NC 28202.
July 1, 2026.

by: _____

Charles E. Hinton the party and representative for the Plaintiff Charles Everette Hinton.

page twenty of 20